## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GENENTECH, INC. and CITY OF HOPE,

                  Plaintiffs,

      v.                            Civil Action No. 17-1407-

AMGEN INC.,

                  Defendants.

## AMGEN'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
## TRANSFER UNDER 28 U.S.C. § 1404(a)

OF COUNSEL:

Siegmund Y. Gutman
Colin G. Cabral
Thomas C. Chen
Graham B. Cole
PROSKAUER ROSE LLP
2049 Century Park East
Los Angeles, CA 90067
(310) 557-2900

Steven M. Bauer
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
(617) 526-9600

Wendy Whiteford
Kimberlin Morley
Nancy Gettel
Thomas Lavery IV
AMGEN, INC.
One Amgen Center Drive
Thousand Oaks, CA 91320
(805) 447-3626
(805) 447-1010

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

*Attorneys for Amgen Inc.*

Dated: October 10, 2017

1

# TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.    SUMMARY OF ARGUMENT ........................................................................... 2

III.   STATEMENT OF FACTS ............................................................................... 2

IV.   LEGAL STANDARD .................................................................................... 4

V.    ARGUMENT .............................................................................................. 5

   A.   The First-Filed Rule Supports Transfer of this Action ..................................... 5

   B.   This Action Could Have Been Brought in the Central District of California ................. 5

   C.   Private Interest Factors ................................................................................ 6

      1.   Plaintiff's Forum Preference ........................................................... 6

      2.   Defendant's Forum Preference ........................................................ 6

      3.   Whether the Claims Arose Elsewhere ............................................... 7

      4.   Convenience of the Parties ............................................................ 7

      5.   Convenience of the Witnesses ........................................................ 8

      6.   Location of Books and Records ....................................................... 8

   D.   Public Interest Factors ................................................................................ 9

      1.   Practical Considerations That Could Make the Trial Easy, Expeditious, or Inexpensive ....................................................................................... 9

      2.   Court Congestion ...................................................................... 10

VI.   CONCLUSION ......................................................................................... 10

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Amgen Inc. ("Amgen") brings this motion under 28 U.S.C. § 1404(a) to transfer to the Central District of California ("C.D. Cal." or the "Central District") this second-filed patent infringement action brought here by Genentech, Inc. ("Genentech") and City of Hope (collectively, "Plaintiffs") in response to a first-filed complaint filed by Amgen in California.

The parties' dispute has no connection to this District other than the fact that Amgen is incorporated in Delaware.  The underlying claim arose in C.D. Cal., where Amgen developed the accused biosimilar product.  All of the parties in this action are based in California—Genentech in the Northern District, Amgen and the City of Hope in the Central District.  No inventor of the twenty-four patents in suit is known to Amgen to reside in Delaware, and the vast majority of the parties' employee-witnesses, documents, ***and*** the inventors themselves (many of whom, through the passage of time, are now likely not employees of Genentech) are in California.

Importantly, in prior litigation in this District, Plaintiffs successfully moved to transfer a patent case involving one of the patents-in-suit here, from this District to C.D. Cal., arguing: "The Central District is more convenient for Genentech, which has headquarters in South San Francisco, and for COH [(City of Hope)], which has headquarters and records in Duarte, California."  *See Human Genome Sciences, Inc. v. Genentech, Inc.*, Civ. No. 11–00082, D.I. 17, at 17–19 (D. Del. Feb. 17, 2011); *see also id.*, D.I. 46 (July 18, 2011 Memo. Op.) at 1 (transferring case from D. Del. to C.D. Cal.).  Moreover, it appears Amgen could not have sued City of Hope in Delaware in view of City of Hope's limited, if any, contacts with Delaware. This is especially so given there is no indication City of Hope would have done anything other than seek to transfer Amgen's case back to C.D. Cal. as it successfully did previously when defending one of the same patents in this District.

In cases like this, where a clear alternative exists as a more convenient forum and the only connection to the state of Delaware is the defendant's place of incorporation, transfer to the parties' principal place of business will serve the interests of the parties and the efficiency and cost savings objectives of the Federal Rules. *See Symantec Corporation v. Zscaler, Inc.*, Civ. No. 17–806, 2017 WL 3262246, at *1 (D. Del. Jul. 31, 2017) (granting a motion to transfer from Delaware to California where "[t]he only nexus is most of the parties are incorporated here.").

## II.     SUMMARY OF ARGUMENT

1.     The private interests weigh heavily in favor of transfer here.   The underlying claims arose in California, where all of the parties are principally located, and where nearly all of the expected witnesses and relevant documents are.   Amgen filed for declaratory judgment of non-infringement, invalidity, and unenforceability in C.D. Cal. for all twenty-four patents-in-suit *before* Plaintiffs commenced this action.   Plaintiffs' choice of forum in these circumstances is entitled to "minimal weight" because Plaintiffs allege no facilities, employees, or operations in the District and this is the second filed action. *Symantec*, 2017 WL 3262246, at *2.

2.     The public interest factors also weigh in favor of transfer.   This Court should transfer to C.D. Cal. when Plaintiffs argued to *this* Court, based on one of the same patents-in-suit, that C.D. Cal. is a more convenient forum than Delaware, and an earlier filed suit involving all of the patents was already pending.

3.     Considering the *Jumara* factors as a whole, the interests of justice and convenience strongly favor transfer here. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

## III.    STATEMENT OF FACTS

Amgen is a Delaware corporation with its headquarters and principal place of business in

Thousand Oaks, California. (Declaration of Kimberlin Morley ("Morley Decl.") ¶ 3.) Genentech, Inc. ("Genentech") is a Delaware corporation with its headquarters and principal place of business in San Francisco, California.  (Complaint ¶ 19.)  City of Hope is a California not-for-profit organization with its headquarters and principal place of business in Duarte, California. (Complaint ¶ 20.)

From its headquarters in Thousand Oaks, California, Amgen developed a biosimilar version of Genentech's Avastn® (bevacizumab)[1] antibody that is the active ingredient in Mvasi™ ("Mvasi™ antibody").  Amgen generated more than a million pages of analytical, pharmacokinetic, and clinical data that was submitted to the FDA as part of the approval process and formed the basis for the FDA's ultimate approval.  (Morley Decl. ¶¶ 6, 8.)

Amgen's filed its Biologics License Application ("BLA") for Mvasi™ on November 14, 2016.  (*Id.* ¶ 5;) 42 U.S.C. § 262(k).  Amgen complied with the BPCIA's "unique and elaborate process for information exchange between the biosimilar applicant and the RPS [(Reference Product Sponsor – here, Genentech)] to resolve patent disputes." *Amgen Inc. v. Sandoz Inc.*, 794 F.3d 1347, 1352 (Fed. Cir. 2015).

Genentech filed as a suit what was effectively a discovery motion on February 15, 2017 in this Court alleging violation of the BPCIA.  *See Genentech, Inc. v. Amgen Inc.*, Civ. No. 17–00165–GMS, D.I. 1 (D. Del. Feb. 15, 2017).  This Court dismissed Genentech's complaint two weeks later, authorizing Genentech to file a declaratory judgment complaint for patent infringement (the same complaint that is now at issue) within forty-five days while the parties continued to exchange information pursuant to the BPCIA's mandated information exchange

---

[1] The Biologics Price Competition and Innovation Act of 2009 ("BPCIA"), codified in 42 U.S.C. § 262, provides a statutory framework for the testing and approval of biosimilar drugs.

procedure. (Ex. A ¶ 30.)[2] Genentech never did. Later, Genentech advised the Court that it would amend after the Supreme Court rendered its decision in *Amgen Inc. v. Sandoz Inc.*, but again, it never did. (Ex. A ¶ 32.)

After dismissal, the FDA approved Amgen's Mvasi™ as a biosimilar to Genentech's Avastin®. (Morley Decl. ¶ 5.) On October 6, 2017, after Amgen provided Genentech with written notice that the first commercial marketing of Mvasi™ will commence not earlier than 180 days from the date of notice, Amgen filed a declaratory judgment action in C.D. Cal. against Genentech and City of Hope seeking a declaration of non-infringement and invalidity of each of the patents Genentech identified during the BPCIA information exchange. (*See* Ex. A.) Shortly after midnight, on October 7, 2017, Genentech completed filing the Complaint in this action.

## IV. LEGAL STANDARD

"Under 28 U.S.C. § 1404(a), a district court has 'broad discretion to determine, on an individualized, case-by-case basis, whether the convenience and fairness considerations weigh in favor of transfer.'" *Blackbird Tech. LLC v. TuffStuff Fitness International, Inc.*, Civ. No. 16–733, 2017 WL 1536394, at *1 (D. Del. Apr. 27, 2017). The analysis has two steps: (1) the Court "first determines whether the action could have been brought originally in the proposed transferee forum[,]" then (2) the Court "asks whether transfer would best serve the convenience of the parties and witnesses as well as the interests of justice." *Id.*

The Third Circuit has provided a non-exhaustive list of "*Jumara* factors" to guide the Court's analysis of private and public interests of convenience and justice. *Blackbird*, 2017 WL 1536394, at *2. Private-interest factors include: "the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience

---

[2] All references to "Ex." refer to the exhibits to the Declaration of Siegmund Gutman submitted herewith.

of the expected witnesses; and the location of the books and records." *Id.* Public-interest factors include: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two for a resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.*

## V.    ARGUMENT

### A.    The First-Filed Rule Supports Transfer of this Action

In patent cases, generally "the forum of the first filed case is favored, unless considerations of judicial and litigant economy and the just and effective disposition of disputes require otherwise." *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 403 (D. Del. 2013). The rule applies to "mirror image litigation that, if resulting in two conflicting judgments, may require separate appeals." *Id.*

Amgen first filed a complaint seeking a declaration that the twenty-four patents Genentech has asserted here and three additional patents are invalid, unenforceable and/or not infringed. (Ex. A; *see also* Complaint ¶ 30.) Filing of this action was complete the next day, October 7, 2017, making Amgen's California case the first-filed.

### B.    This Action Could Have Been Brought in the Central District of California

The Central District would have had personal jurisdiction, and venue would have been proper, if this action had been brought there because Amgen's headquarters and principal place of business are in Thousand Oaks, California. (Morley Decl ¶ 3.) And, the Central District would have made the most sense because all of the actions alleged in Genentech's complaint purporting to establish Amgen's infringement took place or originated from within C.D.Cal.— Amgen prepared and filed its BLA, it corresponded with the FDA in furtherance of its application, and it performed activities relating to the development, manufacture, and future

commercial marketing of its biosimilar product from within the Central District.  (*Id.* ¶¶ 7–10.)
And, of course, Genentech and City of Hope previously argued to this Court that C.D. Cal. was
the most convenient place for ***them*** to litigate the Cabilly patent, involved in the present case.

### C.    Private Interest Factors

#### 1.    Plaintiff's Forum Preference

Plaintiff's forum preference "is not 'effectively dispositive of the transfer inquiry,' and
the court accords this factor less weight in certain situations."  *Blackbird*, 2017 WL 1536394, at
*3 (quoting *In re Link_A_Median Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011)).  When
"a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is
entitled to less deference."  *Id.*  When neither party has "facilities, employees or operations" in
Delaware, even if both parties are incorporated in Delaware, Plaintiff's "preference for Delaware
weighs minimally against transferring venue."  *Symantec*, 2017 WL 3262246, at *2.

Neither Genentech nor City of Hope has facilities, employees or operations related to the
subject matter of the instant law suit within the District of Delaware.  While Genentech has
several facilities, three of them are located in California, and none are located within this
District.  (*See* Ex. B.)  Likewise, City of Hope is a California non-profit organization located in
Duarte, California.  (Complaint ¶ 20; *see also* Ex. C.)  Where, in previous litigation, Plaintiffs
here ***successfully*** argued that C.D. Cal. was the more appropriate forum, their choice of forum in
this case, at this time, should have no weight in the transfer decision.

#### 2.    Defendant's Forum Preference

When Defendant prefers to litigate in "the District where it operates its principal place of
business and headquarters . . . [t]his factor weighs in favor of transfer." *Blackbird*, 2017 WL
1536394, at *4.  Because the parties, vast majority of documents and witnesses, and alleged
infringing activities all occurred in California, Amgen seeks to transfer the instant case to the

Central District where its principal place of business and headquarters are, and the only place where jurisdiction over City of Hope cannot be disputed.   Indeed, Amgen filed its action involving the same patents-in-suit in the Central District before the commencement of this action.   Therefore, this factor weighs in favor of a transfer.

### 3.      Whether the Claims Arose Elsewhere

Genentech and City of Hope's complaint does not contain a single factual allegation purporting to show that Amgen committed an act of infringement in this District.   To the contrary, Amgen engaged in substantial research and development activities to gain FDA approval for Mvasi™ at its Thousand Oaks, California location.

Since "substantially all of the research . . and development, as well as the design and creation of the allegedly infringing technology took place" in Thousand Oaks, California, "[t]his factor weighs in favor of transfer because [Genentech's] claims have 'deeper roots' in the [Central] District of California. . . ."   *See Symantec*, 2017 WL 3262246, at *3.

### 4.      Convenience of the Parties

The convenience of the parties is measured "by their relative physical and financial condition."   *Blackbird*, 2017 WL 1536394, at *4.   The Court considers: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal."   *MEC Resources, LLC v. Apple, Inc.*, --- F. Supp. 3d ----, Civ. No. 17–223, 2017 WL 4102450, at *4 (D. Del. Sept. 15, 2017).

All three of the parties to this matter are physically located in California; two of them within the Central District.   (Morley Decl. ¶ 3; Complaint ¶¶ 19–20.)   In this case, with ***twenty-four*** patents, the "logistical and operational costs" to the parties will be "complicated and more

expensive" in having to travel to Delaware as compared to the C.D. Cal. courthouse. *See Symantec*, 2017 WL 3262246, at *3. And, while Genentech and Amgen are large, well-funded research organizations, City of Hope is a non-profit organization that has previously argued to this Court that "its key witnesses and documents [are] all located [in C.D. Cal.]." *Human Genome Sciences*, Civ. No. 11–00082, D.I. 17, at 18. This factor, therefore, weighs in favor of transfer

### 5.     Convenience of the Witnesses

The vast majority of scientists and other expected witnesses involved in Amgen's development of its biosimilar product and the submission of its BLA application to the FDA are located in the Central District. (Morley Decl. ¶¶ 7–10.) In addition, there are sixty-two inventors listed on the twenty-four patents asserted in the instant action. ***None*** of the listed inventors appears to be located in Delaware. In fact, other than ten of the inventors who are located in Europe, the remaining fifty-two inventors are listed as being located within California. Indeed, in moving to transfer previously, Genentech and City of Hope argued that the inventors on the "Cabilly" patents were located in Los Angeles, Northern California, Israel, Oregon, and Pennsylvania, representing that was a good reason for this Court to transfer the case to the Central District. Accordingly, this factor weighs in favor of a transfer. *See MEC Resources*, 2017 WL 4102450, at *4.

### 6.     Location of Books and Records

In patent infringement cases "the bulk of the relevant evidence usually comes from the accused infringer. Thus, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Blackbird*, 2017 WL 1536394, at *6 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

In this case, Amgen has already produced over one million pages of documents under the BPCIA disclosures. The vast majority of these documents are located at Amgen's headquarters. (Morley Decl. ¶¶ 7–9.)  Genentech also contends that the documents related to patents asserted in the instant action are located with City of Hope, in Duarte, California. *Human Genome Sciences*, Civ. No. 11–00082, D.I. 17, at 18.

### D.      Public Interest Factors

The most relevant public interest factors in this case are the practical considerations that could make the trial easy, expeditious, or inexpensive, and court congestion factors.   The remaining factors are either neutral (*e.g.*, enforceability of the judgment), or irrelevant due to the national application of the patent laws (*e.g.*, local interest in deciding local controversies; public policies of the fora).

### 1.      Practical Considerations That Could Make the Trial Easy, Expeditious, or Inexpensive

Under this factor, Delaware Courts "often cite[] the existence of related lawsuits in one of the fora at issue as being an important practical consideration to be taken into account." *Ross v. Institutional Longevity Assets LLC*, Civ. No. 12–102–LPS–CJB, 2013 WL 5299171, at *13 (D. Del. Sept. 20, 2013).

Amgen filed suit against Genentech and City of Hope in the Central District on the same twenty-four patents asserted here along with three additional patents.  Thus the C.D. Cal. case is broader and will potentially resolve more issues between the parties.  (Ex. A.)  Moreover, since "both parties have their principal places of business and the bulk of their employees in . . . California, we can fairly assume trial would be more inexpensive there." *See Symantec*, 2017 WL 3262246, at *4.

Finally, it is notable that Genentech and City of Hope have been party to over ten

different matters related to patents asserted in the present suit, all in C.D. Cal. "meaning [Genentech and City of Hope are] familiar with the District and [are] comfortable litigating" there.[3] *See Symantec*, 2017 WL 3262246, at *4.

### 2.      Court Congestion

Respective caseloads, and "increased times from filing to disposition and trial are important factors that [] influence the court's calculus." *Blackbird*, 2017 WL 1536394, at *4.

Over the 12-month period ending on March 31, 2017, this District saw an increase in caseload of 19.9%, whereas C.D. Cal. saw an increase of 2.5%.  (Ex. D.)  Over that same period, C.D. Cal. had a median time to disposition in civil cases of 4.8 months and 6.2% of pending civil cases were over three years old; while this District had a median time to disposition in civil cases of 10.4 months and 13.4% of pending civil cases were over three years old.  (Ex. E;) *see also MEC Resources*, 2017 WL 4102450, at *5.  This factor weighs in favor of a transfer at this time. *See MEC Resources*, 2017 WL 4102450, at *5.

## VI.      CONCLUSION

The Court should grant Amgen's motion to transfer this action to the Central District of California under 28 U.S.C. § 1404(a).

Date:   October 10, 2017                            YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                                    */s/ Melanie K. Sharp*
                                                    Melanie K. Sharp (No. 2501)
                                                    James L. Higgins (No. 5021)
                                                    1000 North King Street
                                                    Wilmington, DE 19801
                                                    (302) 571-6681
                                                    msharp@ycst.com

---

[3] *See, e.g.,* Case Nos. 16-cv-04992, 15-cv-09991, 15-cv-05685, 13-cv-07248, 11-cv-06594, 11-cv-06519 , 11-cv-03065, 10-cv-02764, 08-cv-03573, 03-cv-02567.

Siegmund Y. Gutman
Colin Cabral
Thomas Chen
Graham Cole
PROSKAUER ROSE LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone:  310.284.4533
Facsimile:  310.557.2193

Steven M. Bauer
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Telephone: 617.526.9700
Facsimile: 617.526.9899
sbauer@proskauer.com

*Attorneys for Amgen Inc.*

01:22436436.1

11

## RULE 7.1 CERTIFICATION

I, Melanie K. Sharp, Esquire, hereby certify that a reasonable effort was made to secure Plaintiffs' cooperation on the matter set forth in the motion, but the parties were unable to reach agreement.

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)