

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**James L. Higgins**
P 302.571.5034
F 302.576.3543
JHIGGINS@YCST.COM

September 21, 2018

**BY E-FILE AND HAND DELIVERY**

The Honorable Colm F. Connolly
United States District Court of Delaware
844 North King Street
Wilmington, DE  19801

    Re:   *Genentech, Inc. v. Amgen Inc.*
            C.A. No.  17-1407-CFC and 17-1471-CFC

Dear Judge Connolly:

       I write on behalf of my client, Amgen Inc. ("Amgen"), in follow-up to counsel's call to chambers today to address Plaintiffs' violation of the Court's May 18, 2018 Scheduling Order (the "Order").  The Order expressly required Plaintiffs to "identify no more than twenty claims for claim construction and trial by September 17, 2018." (D.I. 106 at ¶2.)  It is undisputed that, on September 17, 2018, Plaintiffs wrote to Amgen identifying nearly double the number of claims allowed by the Court's Order—37 claims to be exact, including a claim that Plaintiffs had previously disavowed as moot.  As a result of Plaintiffs' blatant violation of this Court's Order, Amgen seeks an order compelling Plaintiffs to immediately comply with the Order and identify no more than 20 claims for claim construction and trial.

       By way of background, the Order was the result of significant time and effort expended by the Court and the parties.  The Court generously met with the parties for two full days to finalize the Order and the parties extensively met and conferred.  During this lengthy process, Plaintiffs had the opportunity to, and did, argue that the patent and claim narrowing selections that became part of the final Order should not be adopted.  The Court, however, rejected Plaintiffs' arguments.  Ultimately, the number of claims that Plaintiffs could identify on September 17 was agreed to by stipulation.  (*See* D.I. 105 (Stipulated Proposed Scheduling Order at ¶2).)

       Notably, Plaintiffs have had months since entry of the Order to properly seek relief from the Order, but never have.  Instead, Plaintiffs engaged in self-help and identified a much larger number of claims than what is allowed by the Order.  By doing so, Plaintiffs have frustrated Amgen's efforts to meaningfully prepare to exchange lists of claim terms to be construed on October 12.  Because Plaintiffs have selected 37 claims instead of the Court

Young Conaway Stargatt & Taylor, LLP
Page 2

Ordered 20 claims, Amgen is left to guess what claims will be at issue, thus, forcing Amgen to unnecessarily address many more claims and claim terms during claim construction. Although Amgen has requested numerous times that Plaintiffs come into compliance with the Order, Plaintiffs have thus far refused to do so.

Plaintiffs are clearly in violation of the Order. Amgen raised this issue with Plaintiffs in a letter on Tuesday, September 18, 2018, and again on September 20 during a meet and confer. Plaintiffs have taken the position that the issue is not ripe because Plaintiffs intend to respond to Amgen's September 18 letter "today or tomorrow." Amgen agreed to delay contacting the Court if Plaintiffs could confirm that their response would include narrowing to comply with the Order, but Plaintiffs could not so confirm. As a result, regardless of what Plaintiffs say in their response, the Order explicitly requires that Plaintiffs narrow their claims to no more than twenty.

In view of this, and the fact that claim construction is scheduled to imminently begin (claim lists are to be exchanged on October 12), Amgen respectfully attaches a proposed order for the Court's consideration in lieu of scheduling a discovery-type hearing to address Plaintiffs' violation. If the Court believes a discovery-type hearing is required to resolve this issue, Amgen requests that it be scheduled at the earliest possible date to avoid disrupting the case schedule.

Respectfully,

*/s/ James L. Higgins*

James L. Higgins (No. 5021)

JLH

cc: Michael P. Kelly, Esquire (by e-mail)
    Daniel M. Silver, Esquire (by e-mail)

01:23662512.1