IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GENENTECH, INC. and CITY OF HOPE,       )
                                        )
            *Plaintiffs*,               )
                                        )
        v.                              )        Consol. Civ. No. 17-1407-CFC
                                        )
AMGEN INC.                              )
                                        )
            *Defendant*,                )

**AMENDED SCHEDULING ORDER**

This **30ᵗʰ** day of October 2018, the Court having conducted a Rule 16 Scheduling

Conference pursuant to Local Rule 16.2(b) on October 10, 2018, IT IS ORDERED that:

1.  Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties

shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or

before May 29, 2018.

2.  Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties,

and to amend or supplement the pleadings, shall be filed on or before February 1, 2019.

3.  Application to Court for Protective Order.  Should counsel find it will be necessary to apply

to the Court for a protective order specifying terms and conditions for the disclosure of confidential

information, counsel should confer and attempt to reach an agreement on a proposed form of order

and submit it to the Court within ten days from the date of this Order.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of
> information in this case, the Court does not intend to preclude another court from
> finding that information may be relevant and subject to disclosure in another
> case. Any person or party subject to this order who becomes subject to a motion

1

to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Disputes Relating to Discovery Matters and Protective Orders</u>.  Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.   Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues.  The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party.  By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).  If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

5. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits *etc.*).  This provision also applies to papers filed under seal.

7. <u>Reliance Upon Advice of Counsel</u>.  Defendant shall inform Plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than March 29, 2019.  If Defendant elects to rely on advice of counsel as a defense to willful infringement, Defendant shall produce any such opinions on which Defendant intends to rely to Plaintiffs no later than April 5, 2019.

8. <u>Narrowing of Asserted Patents and Claims</u>.  Plaintiffs shall reduce the number of patents as to which they claim infringement in this litigation to no more than eight (8) patents by August 31, 2018.  After the August 31, 2018 deadline, Plaintiffs shall be permitted to select as many as two (2) additional patents upon a showing of good cause.  To date, Plaintiff has identified thirty-seven (37) claims for claim construction and trial.  By December 2, 2018, Plaintiff shall identify no more than twenty-five (25) claims from the group of thirty-seven (37) for claim construction and trial.

9. <u>Claim Construction Issue Identification</u>.  On or before October 12, 2018, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On or before October 26, 2018, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s).  These lists will not be filed with the Court.  On or before November 2, 2018, the parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.

A Joint Claim Construction Chart shall be filed no later than November 16, 2018.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to

cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A text searchable pdf of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

10. <u>Claim Construction Briefing</u>.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on December 21, 2018.  The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on January 25, 2019.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on February 13, 2019.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on February 22, 2019.  The text for each brief shall be 14-point and in a Times New Roman or similar typeface.  Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than February 25, 2019, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]

4

      1. Plaintiff's Opening Position

      2. Defendant's Answering Position

      3. Plaintiff's Reply Position

      4. Defendant's Sur-Reply Position

   B. [TERM 2]

      1. Plaintiff's Opening Position

      2. Defendant's Answering Position

      3. Plaintiff's Reply Position

      4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11. <u>Hearing on Claim Construction</u>.  Beginning at 9:30 a.m. on April 2, 2019, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of six hours.

12. <u>Fact Discovery</u>.  Document production shall be substantially completed by January 11, 2019.  All fact discovery in this case shall be initiated so that it will be completed on or before July 24, 2019.

13. <u>Expert Reports</u>.  For the party who has the initial burden of proof on a subject matter, the Federal Rule 26(a)(2) disclosure of expert testimony is due on or before August 8, 2019.  The disclosure to contradict or rebut evidence on the same matter identified by another party is due on

or before October 7, 2019. Reply expert reports from the party with the initial burden of proof, which shall be limited to responses on objective indicia of nonobviousness, are due on or before November 6, 2019. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert Discovery in this case shall be initiated so that it will be completed on or before February 21, 2020.

14. Case Dispositive Motions.

    a. Summary Judgment on Safe Harbor. Defendant may file a summary judgment motion solely directed to the availability of damages for Plaintiffs' claims for infringement arising from Defendant's manufacturing activities and whether Plaintiffs are entitled to a jury trial. With respect to the availability of damages for Plaintiffs, this summary judgment motion will be limited to the availability of such damages claims (*e.g.*, whether Plaintiffs have satisfied the marking statute and whether Amgen's alleged manufacturing activities are protected under the safe harbor provisions of Section 271 of the Patent Act) and shall not address the quantum of damages. Defendant shall file its opening brief, not to exceed 5,000 words, on or before March 8, 2019. Plaintiff shall file its answering brief, not to exceed 5,000 words, on or before March 22, 2019. Defendant shall file its reply brief, not to exceed 2,500 words, on or before March 29, 2019. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

    b. Other Summary Judgment Motions. The Court will address whether it will allow additional motions for summary judgment after it rules on a motion for summary judgment filed

6

pursuant paragraph 14(a) or, if no motion pursuant to paragraph 14(a) is filed, after the time for filing such motion has passed. If the court ultimately decides to allow other motions for summary judgment, an opening brief, and affidavits, if any, in support of the motion shall be filed on or before March 6, 2020. The opening brief shall not exceed 5,000 words. Any answering brief in opposition to such motion for summary judgment shall be filed on or before March 20, 2020. The answering brief shall not exceed 5,000 words. Any reply brief in support of such motion for summary judgment shall be filed on or before March 27, 2020. The reply brief shall not exceed 2,500 words. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

        c.  <u>Concise Statement of Facts Requirement</u>.   Any motion for summary judgment (including a summary judgment motion filed pursuant to paragraph 14(a)) shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the court's determination of the summary judgment motion (not the entire case). Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

        d.  <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that

7

supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit.

e.   <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,500 words.  The text for each statement shall be 14-point and in a Times New Roman or similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

f.   <u>Affidavits and declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

g.   <u>Scope of Judicial Review</u>.  When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the record not otherwise

referenced in the separate concise statements of the parties. Further, the court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

15. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Pretrial Conference</u>. On June 29, 2020, the Court will hold a Rule 16(e) final pretrial conference in in Court with counsel beginning at 10:00 a.m. On or before April 24, 2020, Plaintiffs' counsel shall forward to Defendant's counsel a draft of the Pretrial Order containing the information Plaintiffs propose to include in the draft. Defendant's counsel shall, in turn, provide to Plaintiffs' counsel any comments on the Plaintiffs' draft, as well as the information Defendant proposes to include in the proposed Pretrial Order by May 8, 2020. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on May 29, 2020.

17. <u>Motions *in Limine*</u>. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the in limine request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an in limine

request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

18. <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium.

19. <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

20. <u>Trial.</u> This matter is scheduled for a fifteen-day jury trial beginning at 9:30 a.m. on July 13, 2020, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21. <u>ADR Process</u>.   Pursuant to 28 U.S.C. § 636, this matter is referred to the United States
Magistrate Judge for the purpose of exploring the possibility of alternative dispute resolution.


_____
UNITED STATES DISTRICT JUDGE

11

## EXHIBIT A

### DEADLINES

| Event | Deadline |
|---|---|
| Exchange List of Terms to be Construed | October 12, 2018 |
| Exchange List of Proposed Constructions | October 28, 2018 |
| Deadline to Meet and Confer to Narrow Claim Construction Disputes | November 2, 2018 |
| File Final Joint Claim Construction Chart | November 16, 2018 |
| Plaintiffs identify no more than 25 claims for claim construction and trial | December 2, 2018 |
| Plaintiff Serves Opening Claim Construction Brief | December 21, 2018 |
| Substantial Completion of Document Production | January 11, 2019 |
| Defendant Serves Answering Claim Construction Brief | January 25, 2019 |
| Amend Pleadings and/or Join Additional Parties | February 1, 2019 |
| Plaintiff Serves Reply Claim Construction Brief | February 13, 2019 |
| Defendant Serves Sur-Reply Claim Construction Brief | February 22, 2019 |
| Parties File Joint Claim Construction Brief | February 25, 2019 |
| Opening Summary Judgment Brief on Safe Harbor Defense | March 8, 2019 |
| Answering Summary Judgment Brief | March 22, 2019 |
| Reply Summary Judgment Brief | March 29, 2019 |
| Disclosure of Reliance on Advice of Counsel | March 29, 2019 |

| | |
|---|---|
| *Markman* Claim Construction Hearing | April 2, 2019 at 9:30 a.m. |
| Production of Counsel Opinions on Which Defendants Intend to Rely | April 5, 2019 |
| Close of Fact Discovery | July 24, 2019 |
| Opening Expert Reports | August 8, 2019 |
| Responsive Expert Reports | October 7, 2019 |
| Reply Expert Reports | November 6, 2019 |
| Close of Expert Discovery | February 21, 2020 |
| Case Dispositive Motions If Permitted – Opening Brief | March 6, 2020 |
| Case Dispositive Motions If Permitted – Answering Brief | March 20, 2020 |
| Case Dispositive Motions If Permitted – Reply Brief | March 27, 2020 |
| Plaintiffs Serve Draft Joint Pretrial Order | April 24, 2020 |
| Defendants Serve Response to Draft Joint Pretrial Order | May 8, 2020 |
| File Joint Proposed Pretrial Order | May 29, 2020 |
| Pretrial Conference | June 29, 2020 at 10:00 a.m. |
| Trial (15 days) | July 13, 2020 at 9:30 a.m. |