Daniel M. Silver
Partner
405 N. King Street, 8th Floor
Wilmington, DE 19801
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com



**VIA CM/ECF & HAND DELIVERY**

March 11, 2019

The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
Wilmington, DE 19801-3555

PUBLIC VERSION FILED:
MARCH 18, 2019

Re:   ***Genentech, Inc. v. Amgen Inc.*, C.A. No. 17-1407-CFC (D. Del.) (consolidated)**

Dear Judge Connolly:

The Court should deny the various requests in Amgen's letter of March 8, 2019.

1.      <u>Non-Avastin Biosimilar Settlements</u>.  Genentech has executed four settlement agreements with third parties planning to make and sell biosimilars of two other Genentech products, Herceptin and Rituxan.  Those agreements include, among other things, dates on which those companies can make a licensed entry into the market.  Because Amgen has plans to commercialize its own biosimilars of Herceptin and Rituxan, these third parties all have objected to the unconditional production of these agreements.  Genentech has its own reasonable concerns with providing Amgen agreements disclosing the licensed-entry dates negotiated with other biosimilar manufactures accused of infringing some of the same patents.

Amgen's letter does not disclose that these agreements licensed its competitors, and omits mention of Genentech's proposals to resolve this dispute without Court intervention. Genentech suggested limiting production to outside counsel not involved in settlement negotiations, which would mitigate the obvious risk of competitive harm.  *See, e.g., Crum & Crum Enters., Inc. v. NDC of Ca., L.P.*, 2011 WL 886356, at *5 (D. Del. Mar. 10, 2011); *Apple Inc v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).  Genentech also suggested redacting the dates on which Amgen's competitors were licensed to enter the market. Separately, Mylan proposed three conditions under which it would agree to production:  (1) redaction of ex-US terms; (2) outside counsel only; and (3) such counsel may not participate in settlement negotiations.  That Amgen rejected all of these proposals speaks volumes.

As for the points Amgen's letter *does* address, the assertion that Genentech agreed to produce these documents is misleading; it agreed to do so "subject to the opportunity to object and/or the approval of Plaintiffs' licensing partners."  Amgen also implies that the parties resolved this issue last year.  But the settlement agreements discussed with Judge Sleet concerned litigation over the "Cabilly patents."  *See* Ex. A at 25:16-31:10.  Those agreements did not license Amgen's competitors with respect to biosimilars and have all been produced.[1]

_____

[1] As the Court is aware from managing the co-pending Herceptin litigation, the settlement agreements in that case were executed in December 2018, months after the hearing that Amgen

The Court should deny Amgen's request for immediate production of the agreements. The relevance of these documents is marginal, and they may not even be admissible. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012); *Honeywell Int'l, Inc. v. Nikon Corp.*, 2009 WL 577274, at *1-*2 (D. Del. Mar. 4, 2009); *Gen. Elec. Co. v. DR Sys., Inc.*, 2007 WL 1791677, at *2 (E.D.N.Y. June 20, 2007). At a minimum, any production should be redacted to remove irrelevant information and limited to outside counsel who are not advising Amgen on settling biosimilar litigation. *See Rembrandt Wireless Tech. L.P. v. Samsung Elecs. Co., Ltd.*, 853 F.3d 1370, 1381 (Fed. Cir. 2017) (redactions appropriate to "prevent exposing confidential business information"); *Abbott Diabetes Care, Inc. v. Roche Diagnostics Corp.*, 2007 WL 4166030, at *4 (N.D. Cal. Nov. 19, 2007) (same); *Blue Gentian, LLC v. Tristar Prod., Inc.*, 2017 WL 5451745, at *6 (D.N.J. Nov. 14, 2017) (limiting production of unredacted agreement to "attorneys eyes only" basis).

      2.    <u>Documents from the Rituxan Litigation</u>. Genentech has produced materials from the litigation over biosimilar Rituxan in the District of New Jersey but not materials Celltrion designated as "confidential" under the protective order in that case, including some testimony from Dr. Hauser, an expert Genentech proffered on claim construction in both cases.[2] The extent of the redactions required before this discovery can be produced without violating the New Jersey Protective Order is not Genentech's decision to make. We understand Celltrion to be making the necessary redactions and providing the remaining materials in the coming weeks, as Genentech told Amgen before it brought this dispute. Amgen's demand that Celltrion complete these redactions "within one week" serves no useful purpose and is a waste of this Court's time.

      3.    <u>Interrogatory Responses</u>. Many of Amgen's interrogatories ask Plaintiffs to "identify all Persons, other than counsel, having discoverable information regarding the information sought" by the interrogatory, regardless of whether Plaintiffs intend to rely on those individuals to support their claims. As phrased, Amgen's requests for individuals having "discoverable information" is tantamount to asking Plaintiffs to disclose legal conclusions counsel has reached in the course of its investigation, classic attorney work product that is protected from disclosure under Rule 26. *See, e.g.*, *In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002) (interrogatory seeking individuals interviewed would "necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with [p]laintiff's counsel's legal theories and conclusions as outlined in the complaint").

      To be clear, Plaintiffs are willing to answer properly phrased interrogatories seeking an identification of individuals, as Plaintiffs have told Amgen repeatedly. For example, were Amgen to serve an interrogatory like Plaintiffs' Interrogatory No. 8, which asks Amgen to "[i]dentify all individuals involved in the design, development, and selection of Amgen's process for preparing cell culture media," Plaintiffs would have not object to providing that information.[3]

---

cites. This fact further belies Amgen's claims that Judge Sleet resolved this issue and that Genentech has been somehow delaying the agreements' production since "May 14, 2018."

[2] It is untrue that Amgen only learned of Dr. Hauser's testimony at his January 23 deposition. Genentech identified this testimony to Amgen on December 4, 2018, Ex. B, and produced a redacted copy of a declaration on January 11, 2019, Ex. C.

[3] Amgen's request to compel Plaintiffs to provide additional responses to Interrogatory No. 8 is moot. Plaintiffs are serving the requested claim charts today, as they promised.

4.    <u>Data from Testing of Amgen Samples</u>.  Amgen is not entitled to data Genentech obtained from consulting experts it retained to test the samples Amgen produced.  The notion that the work-product doctrine does not protect testing results misapprehends the law.  "'[T]ests which generate factual data—when conducted at the direction of counsel and in preparation for litigation—are strongly indicative of the mental impressions, conclusions, opinions, or legal theories of [a party's] attorneys' and are therefore 'protected by the work product doctrine'" *Reckitt Benckiser LLC v. Amneal Pharm., LLC*, 2012 WL 2871061, at *6 (D. N.J. 2012) (quoting *U.S. ex rel. Dye v. ATK Launch Sys., Inc.*, 2011 WL 996975, at *5 (D. Utah 2011)).  Amgen's citation to *Union Carbide Corp. v. Dow Chem. Co.*, 619 F. Supp. 1036, 1051 (D. Del. 1985), is unhelpful.  It addressed the discoverability of internal documents that happened later to be forwarded to attorneys, not testing commissioned by counsel.

Amgen also invokes its purported "need" for Genentech's data.  But Genentech's purported reliance on the data to narrow the asserted claims, Ltr. at 2, was not a waiver and does not entitle Amgen to production of this information.  *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prod., LLC*, 2010 WL 4537002, at *2 (M.D. Pa. 2010).  Nor can Amgen credibly claim it has "no other mechanism to obtain this discovery." Ltr. at 2.  Amgen obviously can conduct all the testing it wants of its own bioreactor samples.  *JDS Therapeutics, LCC v. CVS Pharm.*, 2015 WL 6459092, at *1 (S.D.N.Y. 2015) (no undue hardship where requesting party "is perfectly capable of testing its own products for the ingredient at issue"); *Reckitt*, 2012 WL 2871061, at *6 (same); *Sullivan v. Warminster Tp.*, 274 F.R.D. 147, 153 (E.D. Pa. 2011) (no "substantial need" for witness interview notes where delay in Plaintiffs' questioning witnesses was "Plaintiffs' own fault").  Amgen's reliance on *Sandvik Intellectual Property AB v. Kennametal, Inc.*, 2011 WL 466696, at *4 (W.D. Pa. 2011), where the narrow Rule 26(b)(3)(A)(ii) exception to work product protection was satisfied, therefore is unavailing.

Of course, in the event Genentech serves a Rule 26(a)(2)(B) report from an expert who relies on the testing data, Amgen will receive the appropriate discovery, including "the facts or data considered by the witness in forming" his opinions.  Until then, there is no basis for the Court to order the production of this work product.

5.    <u>Deposition Testimony</u>.  Fact discovery ends July 24.  Trying to begin deposition discovery, Genentech on January 22 noticed the depositions of three Amgen witnesses, D.I. 253-255.  At Amgen's request Genentech adjourned these dates so long as Amgen "provide[d] a date in February when at least one of the deponents we have identified can be available for a deposition and later dates for the other deponents." Ex. D.  Amgen never proposed alternative dates, so Genentech re-noticed the depositions for March and served subpoenas to compel the witnesses' attendance, again expressing willingness to reasonably accommodate the witnesses' schedules.  Ex. E.  Amgen instead proposed dates in late May, with no explanation for why these witness could not be deposed earlier.  Given the number of depositions to be taken, Genentech cannot wait until nearly the last weeks of fact discovery to depose witnesses central to ███████ ███████████████████      For the two witnesses (Yant, Vunnum) who still work ███████ at Amgen—whose supposed conflicts are not documented—being deposed is not ancillary to their work, it is central to it.  They must accommodate the interests of this litigation.  Genentech can depose Ms. Stambaugh at a later date in May but the Court should order that Mr. Yant and Mr. Vunnum appear for depositions by April 5.

3

Respectfully Submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc:      Counsel of record (via CM/ECF and electronic mail)

ME1 29835112v.1

# EXHIBIT A

Page 1 to 4 of 143 07/16/2018 04:05:07 PM









---

27

five-month negotiation of this, we have been dealing with a
one-tier protective order covering all sorts of sensitive
information.  It was literally at the 11th hour that they
brought up this issue of a highly confidential tier for
settlement agreements.

Their reason for doing it was to, quote, "ease
and accelerate the production of certain materials relating
to the Kabily patents which are subject to third-party
confidentiality agreements.

"We're familiar with those types of agreements.
Typically, it is the third party that voices a concern about
them.  We haven't heard a single concern from their side
until there was possibly an allusion to expected one from
Mr. Silver today.

We don't even know if City of Hope has raised
the issue with these third parties about production in this
case.  The problem with the outside counsel only provision
on these agreements is that it precludes the ability of our
in-house counsel to participate in the damages case and
considering settlement issues.

You know, they can redact the names of the
parties.  I don't know what the issue would be at that
point.  This doesn't seem like it should be an issue.
Evidently, it is one.

MR. SILVER:  Your Honor, I think the issue we

---

26

including perhaps Amgen in other contexts, raise a flag and
say I want you to produce this highly confidential outside
counsel eyes only because it is third-party information, and
we as the counterparty are somewhat stuck in the middle.  We
want to give the agreements to Amgen, but we have a
counterparty on the other side saying don't do it.

What we are looking for a limited category of
highly confidential information that if a third party
requested that their agreement be treated as highly
confidential outside counsel's eyes only, we can say fine,
we can accommodate that, and hand the agreement to Amgen.
That is as ask.

For reasons I don't quite understand, there is
resistance to that, but if we don't have this, when the
third party objects, we then need to have either a three-way
negotiation or get them and Amgen together and say you
should figure it tell.  Neither of those options seems
expedient to us.

It seems to me, once we give them the agreement,
if it is highly confidential, attorney's eyes only, if they
have a concern about needing to share it with their client,
it makes sense to do it when it is more concrete, rather
than in the abstract, without seeing it, we insist we need
too share it with the client.

MR. HIGGINS:  Your Honor, throughout the

---

28

are stuck in the middle and we know we are going to draw
objections from parties that say --

THE COURT:  This is the stitch in time, Mr.
Higgins, that Mr. Silver anticipated.

MR. SILVER:  Again, Your Honor, we have been
through this process on these patents nine times over.  We
are not making this up.  We know this happens.

What I am suggesting is, once they get the
agreements, if, in fact, we do draw those objections as we
expect, let's get the agreements in Amgen's hand.  Let Mr.
Higgins or Mr. Gutman call up the counterparty and work out
some arrangement.  Let's take the plaintiffs out of the
middle, let's get the agreements to them, and let them
figure out what they really need and focus their efforts
accordingly.

THE COURT:  It is a small efficiency that is
being sought.

MR. HIGGINS:  Yes and no, Your Honor.  It is
creating a burden, on Amgen dealing, negotiating with these
third parties over, you know, whatever.  Typically, the
third parties show up and say, No, we are filing a
protective order.

THE COURT:  But they are going to direct you,
Genentech is going to direct the third party to you,
probably.

---

29

```
10:35:02  1         MR. HIGGINS:  What we are doing is shifting the
10:35:03  2   time period when the burden is placed on Amgen.  The result
10:35:06  3   of having a provision like this in the order is, if, in the
10:35:12  4   four or five months we have a serious need to have our
10:35:15  5   in-house look at these materials, the burden is now on Amgen
10:35:18  6   to come and show why they should.
10:35:20  7         It should be the other way around.  The burden
10:35:22  8   is on the party seeking protection to demonstrate why
10:35:27  9   protection is needed.
10:35:28 10         MR. SILVER:  I am not sure I agree with Mr.
10:35:30 11   Higgins that there is any burden shifting.  Under the
10:35:32 12   protective order, the party that designates the materials as
10:35:35 13   highly confidential has to do so in good faith.
10:35:38 14         There may be a question as to who makes the
10:35:40 15   motion in the first instance.  Whether it is before Your
10:35:43 16   Honor or another Judge, it is the party that says we require
10:35:45 17   this higher level of protection, that is the one that is
10:35:48 18   going to have to carry the burden at that point in time.
10:35:50 19         Again, Your Honor, I don't want to take up too
10:35:53 20   much of the Court's time with this issue.  The sooner we can
10:35:56 21   get the documents to Amgen the better.  It seems to me it
10:35:59 22   makes sense to get the documents in their hand --
10:36:00 23         THE COURT:  Do you disagree with Mr. Silver's
10:36:03 24   analysis, that it doesn't shift the burden?
10:36:07 25         MR. HIGGINS:  I think it does, in the sense
```

30

```
10:36:13  1   that, if they designate them as highly confidential now,
10:36:16  2   Amgen is going to be filing a motion for perhaps
10:36:19  3   de-designation, lowering it to confidential, and the burden
10:36:24  4   would then be on them to demonstrate why highly confidential
10:36:27  5   is appropriate.  If they are in the first instance permitted
10:36:31  6   to label these as highly confidential and that's been
10:36:34  7   established by the Court's entering a protective order, then
10:36:37  8   it is going to be Amgen's obligation to show good cause
10:36:40  9   later why that should be undone, effectively.
10:36:42 10         I still haven't heard a response to the
10:36:45 11   redaction of identities issue.  I don't know why any of
10:36:50 12   these third parties would care if we can't even tell who
10:36:53 13   they are.
10:36:53 14         MR. SILVER:  One, Your Honor, that has never
10:36:56 15   been proposed to us and we haven't had a chance to raise it
10:36:58 16   with third parties.  That may alleviate some of the concern.
10:37:01 17         THE COURT:  Whether or not you have had a chance
10:37:02 18   to speak with third parties, redaction would seem to cure
10:37:05 19   the problem.
10:37:06 20         MR. SILVER:  It may, Your Honor, if they
10:37:08 21   represent on the record today that they are willing to
10:37:10 22   accept all of the agreements in redacted form so that it is
10:37:12 23   not clear who the counterparties are.
10:37:15 24         THE COURT:  Mr. Higgins?
10:37:17 25         MR. HIGGINS:  Assuming it is just the identities
```

31

```
10:37:19  1   and not substantive information, I think that would be fine.
10:37:23  2         MR. SILVER:  I was handed a note.  Any
10:37:25  3   identifying information, so like the names, that sort of
10:37:29  4   thing.  They can see, if it is the payment information they
10:37:34  5   are after, that would be unredacted.  But the personal
10:37:37  6   identifying information...
10:37:37  7         THE COURT:  Identifying information.
10:37:38  8         Do you agree?
10:37:39  9         MR. HIGGINS:  Yes, correct.
10:37:41 10         THE COURT:  That's resolved.
10:37:43 11         What about the seal?  Should we keep the
10:37:46 12   place -- I don't like a sealed courtroom, let me just tell
10:37:50 13   you.
10:37:50 14         MR. GREGORY:  Your Honor, plaintiffs do not have
10:37:52 15   an opinion one way or the other.  I do think Amgen is
10:37:56 16   probably going to disagree with this.
10:37:58 17         THE COURT:  I am talking about moving on to the
10:38:00 18   next issue.
10:38:01 19         MR. GREGORY:  I understand that, Your Honor.
10:38:02 20   Plaintiffs don't have a view as to whether this third issue
10:38:05 21   needs to be --
10:38:06 22         THE COURT:  You started out by saying only 4 and
10:38:09 23   5.
10:38:11 24         Open courtroom, counsel, please.  We have enough
10:38:17 25   stuff going on in this country in the dark.  That is
```

32

```
10:38:20  1   intended to sound just like it does.
10:38:24  2         I am sorry.  I am about to retire.  I am feeling
10:38:28  3   unbridled.
10:38:31  4         No. 3.
10:38:34  5         MR. GREGORY:  Your Honor, hopefully, we can deal
10:38:36  6   with this issue relatively expediently.
10:38:39  7         This issue, as Your Honor may recall, the
10:38:42  8   statutory scheme under which this entire case is based is
10:38:46  9   BLCIA.  As part of that statutory scheme, there is a
10:38:50 10   pre-litigation series of information exchanges between the
10:38:52 11   parties, often called the Patent Dance.
10:38:55 12         What we have here is an apparent dispute as to
10:38:59 13   what statements made pursuant to that Patent Dance or what
10:39:03 14   information exchanged pursuant to that Patent Dance should
10:39:05 15   be confidential under the statute, or in fact is
10:39:08 16   confidential under the statute.
10:39:09 17         Plaintiffs believe that the statute itself
10:39:13 18   speaks to and is clear on this issue.  Specifically, it's 42
10:39:19 19   U.S.C. Section 262(l)(1)(B).  That section describes the
10:39:28 20   confidential information to be exchanged in a Patent Dance
10:39:31 21   as the that the applicant provides to the innovator company
10:39:36 22   about its proposed biosimilar at the first step of the
10:39:38 23   dance.
10:39:39 24         THE COURT:  Read it again.
10:39:42 25         MR. GREGORY:  42 U.S.C. Section 262(l)(1)(B).
```

33

| | |
|---|---|
| 10:39:48 1 | Let me read the exact language, Your Honor. |
| 10:39:50 2 | (B)(i) provides that when a Subsection (k) |
| 10:39:55 3 | applicant submits an application under Subsection (k), such |
| 10:39:59 4 | applicant shall provide to the persons described in Clause |
| 10:40:04 5 | subject to the terms of this paragraph confidential access's |
| 10:40:08 6 | to the information required to be produced pursuant to |
| 10:40:12 7 | Paragraph 2 and any other information that the Subsection |
| 10:40:16 8 | (k) applicant determines in its sole discretion to be |
| 10:40:20 9 | appropriate. |
| 10:40:20 10 | What is required to be produced pursuant to |
| 10:40:25 11 | Paragraph 2, what was just referenced in that language that |
| 10:40:27 12 | I read, is information that we have actually litigated in |
| 10:40:32 13 | front of this Court previously.  It is that first step of |
| 10:40:35 14 | the Patent Dance that requires the applicant to turn over |
| 10:40:38 15 | its ABLa and other information regarding its manufacturing |
| 10:40:43 16 | processes. |
| 10:40:43 17 | That is what the statutory scheme says is |
| 10:40:47 18 | confidential.  That makes good sense.  Plaintiffs agree that |
| 10:40:50 19 | then certain of the following statements and information |
| 10:40:55 20 | exchanged as part of the Patent Dance is also necessarily |
| 10:40:59 21 | confidentially.  Specifically the infringement and |
| 10:41:00 22 | noninfringement contentions that the parties exchange, |
| 10:41:03 23 | because they necessarily are going to be referenced in the |
| 10:41:05 24 | ABLa and this other manufacturing information, of course. |
| 10:41:07 25 | There is no dispute there, that those could very well be |

34

| | |
|---|---|
| 10:41:11 1 | confidential.  And we are not arguing that. |
| 10:41:14 2 | It seems that, we proposed language in the |
| 10:41:16 3 | protective order to that effect. |
| 10:41:17 4 | It seems that Amgen disagrees and it seems that |
| 10:41:20 5 | they disagree, perhaps, in two ways.  The first is that it |
| 10:41:27 6 | appears Amgen may believe that its invalidity contentions |
| 10:41:31 7 | are confidential.  It's made some noise about that in the |
| 10:41:35 8 | past, about retracting that position in the past.  I frankly |
| 10:41:38 9 | am not clear where we stand on that issue right now.  As we |
| 10:41:42 10 | see it, there are two serious problems with that. |
| 10:41:44 11 | THE COURT:  Let's find out where they stand. |
| 10:41:47 12 | Mr. Higgins. |
| 10:41:48 13 | MR. HIGGINS:  I don't know where the confusion |
| 10:41:51 14 | is.  We stated our invalidity contentions are not |
| 10:41:54 15 | confidential. |
| 10:41:55 16 | MR. GREGORY:  Fantastic. |
| 10:41:57 17 | Your Honor, the second area where it seems Amgen |
| 10:42:00 18 | believes its information is confidential is its statement |
| 10:42:03 19 | under 42 U.S.C. 262(l)(3)(B)(ii(2).  This is a statement |
| 10:42:15 20 | that it would not begin marketing its product until after |
| 10:42:19 21 | the expiration of certain patents we had listed at the first |
| 10:42:25 22 | step, or the second step, I guess, of the Patent Dance. |
| 10:42:27 23 | We think there are two serious problems with |
| 10:42:30 24 | this approach.  The first is that it is just inconsistent |
| 10:42:32 25 | with the statutory scheme that I just outlined. |

35

| | |
|---|---|
| 10:42:36 1 | The BPCIA specifically says that certain |
| 10:42:39 2 | information is confidential, specifically, the information |
| 10:42:42 3 | exchanged at that first step of the Patent Dance, the ABLa |
| 10:42:45 4 | and other manufacturing information.  But this |
| 10:42:48 5 | (l)(3)(B)(ii)ii) statement, that is not included there. |
| 10:42:52 6 | Congress has shown that it can, if it wants to say something |
| 10:42:55 7 | is confidential, it can say it, it knows how to say that. |
| 10:42:59 8 | But it said nothing about this particular statement. |
| 10:43:01 9 | The second problem with this assertion from |
| 10:43:03 10 | Amgen that this information is confidential is that this |
| 10:43:06 11 | same information, the fact that it would not, a statement |
| 10:43:11 12 | that it would not begin marketing its product until after |
| 10:43:14 13 | the expiration of certain of these patents has been made |
| 10:43:18 14 | public three times in this litigation already. |
| 10:43:20 15 | THE COURT:  It was made public in this |
| 10:43:22 16 | courtroom. |
| 10:43:22 17 | MR. GREGORY:  Yes.  It what made public in a |
| 10:43:25 18 | joint status report filed in this court at the Rule 16 |
| 10:43:28 19 | conferences, both of them. |
| 10:43:28 20 | THE COURT:  Not during the sealed session, by |
| 10:43:31 21 | the way. |
| 10:43:32 22 | MR. GREGORY:  And not during the sealed session. |
| 10:43:32 23 | Amgen initially proposed redactions to that transcript, and |
| 10:43:37 24 | withdrew those proposed reductions.  It was made public most |
| 10:43:41 25 | recently in the public version of the 30(b)(6) notice that |

36

| | |
|---|---|
| 10:43:42 1 | the parties agreed to file with the Court I believe within |
| 10:43:45 2 | the last couple of days. |
| 10:43:47 3 | THE COURT:  You will forgive me.  I didn't read |
| 10:43:49 4 | that. |
| 10:43:49 5 | MR. GREGORY:  This information is out there in |
| 10:43:51 6 | the public domain already.  We don't see the basis for |
| 10:43:54 7 | claiming its confidentiality now. |
| 10:43:56 8 | As I understand it, those are the only -- that |
| 10:43:58 9 | is the only information exchanged pursuant to the BPCIA that |
| 10:44:03 10 | Amgen is now saying is confidential other than its ABLa |
| 10:44:09 11 | itself, the other manufacturing information, and the various |
| 10:44:12 12 | infringement contentions that reference that information. |
| 10:44:15 13 | We have tried to smoke out whether there are |
| 10:44:19 14 | additional statements made under the BPCIA Patent Dance that |
| 10:44:24 15 | Amgen now contends are confidential.  We have not, frankly, |
| 10:44:28 16 | been able to determine that. |
| 10:44:30 17 | It seems we are down to this issue, in our view, |
| 10:44:32 18 | this information, this (l)(3)(B)(ii)II) statement is plainly |
| 10:44:35 19 | not confidential. |
| 10:44:36 20 | That is where things stand from our view, Your |
| 10:44:38 21 | Honor. |
| 10:44:39 22 | THE COURT:  Mr. Higgins. |
| 10:44:40 23 | MR. HIGGINS:  Your Honor, as Mr. Gregory |
| 10:44:41 24 | indicated, there was initially a dispute about invalidity |
| 10:44:44 25 | contentions.  But that's been resolved. |

37

10:44:48  1        With respect to the (B)(ii)99) provision, that
10:44:51  2  is also public now as a result of things said in court, that
10:44:56  3  the Court's opinion.  We agree in this case, that
10:44:59  4  information is not confidential.
10:45:01  5        The problem is, what they are doing is seeking
10:45:04  6  an advisory ruling that that information is never
10:45:07  7  confidential regardless of what happens in open court in
10:45:11  8  some other litigation.
10:45:12  9        THE COURT:  Let me stop you right there.  As all
10:45:14 10  of you know, I am not going to issue an advisory ruling.  Is
10:45:17 11  that what you are seeking here, in effect?
10:45:19 12        MR. GREGORY:  Certainly not, Your Honor.  We are
10:45:21 13  here seeking to make clear in this litigation, in the
10:45:24 14  protective order that governs this litigation, what
10:45:26 15  information is or is not confidential information.  That's
10:45:29 16  all we are looking for.
10:45:30 17        THE COURT:  Having nothing to do with any other
10:45:32 18  action.
10:45:33 19        MR. GREGORY:  No.  Your Honor, I can read the
10:45:34 20  language we are proposing for the protective order.
10:45:37 21        THE COURT:  Why don't you do that.
10:45:59 22        MR. GREGORY:  Your Honor, we proposed the filing
10:46:03 23  language to define confidential --
10:46:05 24        THE COURT:  Mr. Higgins, do you have this
10:46:07 25  language in front of you?

38

10:46:07  1        MR. HIGGINS:  I know the language.
10:46:10  2        MR. GREGORY:  "Confidential discovery material
10:46:12  3  means discovery material producing party designated as
10:46:16  4  confidential pursuant to the terms of this protective order
10:46:18  5  as well as information provided by a party pursuant to 42
10:46:21  6  U.S.C. Section 262(l)(1)(B)(i) and 42 U.S.C. Section
10:46:31  7  262(l)(2) and the infringement and noninfringement
10:46:35  8  contentions exchanged by the parties pursuant to 42 U.S.C.
10:46:40  9  Section {262(l)(3)."
10:46:43 10        If it would help, Your Honor, again, what that
10:46:46 11  basically is saying is that the information that is
10:46:49 12  confidential is the information that is designated, of
10:46:52 13  course, as in over case, but also the BPCIA information that
10:46:56 14  is from the two statutory sections I just read basically
10:46:59 15  covering the ABLa, the other manufacturing information, and
10:47:02 16  then the infringement and noninfringement contentions.
10:47:05 17        THE COURT:  Mr. Higgins, your reaction to that
10:47:07 18  language?
10:47:08 19        MR. HIGGINS:  Your Honor, what we proposed the
10:47:10 20  language from the statute, which is information that is
10:47:12 21  confidential other than what the parties agree is not
10:47:15 22  confidential or what the Court makes public or the parties
10:47:19 23  make public in court.
10:47:20 24        The problem here is we do seem to have a
10:47:23 25  disagreement about whether the 3(b)(ii)(ii) information is

39

10:47:26  1  confidential under the BPCIA once litigation starts.  It's
10:47:29  2  not an issue here there.  There is no dispute.  In this case
10:47:33  3  it's not.
10:47:34  4        What we don't want is a protective order that we
10:47:37  5  stipulated to and the Court entered --
10:47:40  6        THE COURT:  Coming back to haunt you.  And it
10:47:43  7  shouldn't.
10:47:43  8        MR. GREGORY:  Your Honor, in that case, I don't
10:47:47  9  think we have a disagreement on this.  We are not purporting
10:47:50 10  to lock down Amgen's position for all time on this
10:47:53 11  particular issue.  We do think that this (L)3)(b)(ii(ii)
10:47:59 12  kind of statement is not confidential by the statutory terms
10:48:02 13  of the BPCIA.  Setting that aside, here I don't think we
10:48:06 14  actually have a disagreement on the protective order
10:48:08 15  language that I just read.  We don't see any reason that
10:48:11 16  this shouldn't be entered.
10:48:13 17        THE COURT:  I don't detect a disagreement.  One
10:48:16 18  proposes a statute.  Another proposes language based upon
10:48:21 19  the statute.
10:48:24 20        MR. GREGORY:  Your Honor, I am not sure their
10:48:28 21  language actually directly tracks the language.
10:48:30 22        THE COURT:  I am not sure what their language
10:48:33 23  is, but I will let you talk about it when you meet a little
10:48:37 24  later, because I think this is a nonissue that reasonable
10:48:41 25  lawyers should be able to agree upon.

























 Page 113 to 116 of 143 07/16/2018 04:05:07 PM























































# EXHIBIT B

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

D. SHAYON GHOSH
(202) 434-5047
sghosh@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 4, 2018

**VIA ELECTRONIC MAIL**

Gourdin W. Sirles
Proskauer Rose LLP
One International Place
Boston, MA 02110
gsirles@proskauer.com

       **Re:**    ***Genentech v. Amgen***, **C.A. No. 17-1407, 17-1471 (GMS) (D. Del.)**

Dear Gourdin:

       Pursuant to paragraph 36 of the Protective Order in this case, Genentech discloses the following expert:

**Name:**
       Hansjörg Hauser

**Employer:**
       Helmholtz Centre for Infection Research (HZI)

**Address:**
       Inhoffenstraße 7
       38124 Braunschweig
       Germany

**Past or Present Relationship with Any of the Parties or Affiliates:**
       Dr. Hauser has consulted on litigation matters on behalf of Genentech, but has no other prior relationship with any party or its affiliates.

WILLIAMS & CONNOLLY LLP

Gourdin W. Sirles
December 4, 2018
Page 2

**Prior Testimony at Deposition or Trial:**

      In the past four years, Dr. Hauser has testified at deposition on behalf of Genentech in Case No. 18-cv-00574-RMB before the United States District Court for the District of New Jersey.

      I have enclosed Dr. Hauser's curriculum vitae and an executed acknowledgment in the form of Exhibit A attached to the Protective Order.

Sincerely,

*/s/ D. Shayon Ghosh*

D. Shayon Ghosh
Associate*

Enclosures:    H. Hauser Curriculum Vitae
               H. Hauser Executed Acknowledgment

* Admitted only in California and New York. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).

# Curriculum Vitae



**Name**          **Hansjörg Hauser**

**Date of Birth**   January 2, 1949

**Department**    Department of Scientific Strategy
Helmholtz Centre for Infection Research (HZI)
Inhoffenstraße 7
38124 Braunschweig
Germany
Phone: ++49 531 6181-5000
Fax:     ++49 531 6181-805000
Email : hansjoerg.hauser@helmholtz-hzi.de

## Education

| | |
|---|---|
| 1968-1974 | Studies in Food Technology and Nutrition Sciences, University of Hohenheim |
| 1977 | PhD in Biology, University of Konstanz |
| 1978-1980 | Post-Doc at Max-Planck-Institute for Molecular Genetics; Berlin and German Cancer Research Centre, Heidelberg |
| 1982 | EMBO Fellow MRC in Mill Hill, London |

## Academic Appointments

| | |
|---|---|
| 1986-1994 | Head of Research Group "Genetics of Eukaryotes", GBF, Braunschweig |
| 1994-2014 | Head of Department "Gene Regulation and Differentiation", HZI, Braunschweig |
| 1998-2011 | Head of Division "Molecular"Biotechnology", HZI, Braunschweig |
| since 2002 | Guest Professorship; University of Lisbon |

## Current Professional Activities

| | |
|---|---|
| since 2013 | Chairman, ESACT (European Society of Animal Cell Technology) |
| since 2013 | Chairman of Scientific Committee, DSMZ (Deutsche Sammlung für Mikroorganismen u. Zellkulturen) |
| since 2007 | Board member, Excellence Cluster REBIRTH |

Scientific advisor for PharmaBiotech companies and Reviewer for Scientific Journals and Research Foundations from Germany, Europe, USA and Israel

## Research Interests

Innate immunology - Interferon system
Biotechnology of mammalian cells

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENENTECH, INC. and CITY OF HOPE | ) | |
| | ) | |
| Plaintiffs, | ) | C. A. No.:  17-1407-CFC |
| | ) | (Consolidated) |
| v. | ) | |
| | ) | |
| AMGEN INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION TO BE BOUND BY PROTECTIVE ORDER**

I, _Hausjörg Hauser_, declare under penalty of perjury that:

My present employer is _Helmholtz Centre for Infection Res_, and

the address of my present employer is _Inhoffenstr. 7  D 38124 Braunschweig_
_____.

My present occupation or job description is _Scientific strategist_
_____.

I have received the Protective Order in this Litigation dated _Nov. 16 2018_. I

understand that I am obligated, under order of the Court, to hold in confidence and not to

disclose the contents of anything marked "CONFIDENTIAL" except as permitted by the

Protective Order.  I further understand that I am not to disclose to anyone other than those

persons identified in Paragraph 33 of the Protective Order any words, substances, summaries,

abstracts, or indices of any CONFIDENTIAL  Discovery Material disclosed to me.  According

to the restrictions of Paragraph 28 of the Protective Order, I will use Discovery Material,

ME1 28480182v.1

including CONFIDENTIAL Discovery Material, or information derived therefrom, solely for purposes relating to the above-captioned Litigation. I will never use CONFIDENTIAL Discovery Material or information derived therefrom, directly or indirectly, in competition with the Producing Party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

At the termination of this Litigation or any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL Discovery Material which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date:    NOV. 16 , 2018

Respectfully submitted,

_____
Signature

# EXHIBIT C

# THIS DOCUMENT HAS

# BEEN REDACTED IN ITS

# ENTIRETY

# EXHIBIT D

## McCloud, Luke

| | |
|---|---|
| **From:** | Fletcher, Thomas |
| **Sent:** | Monday, February 11, 2019 4:43 PM |
| **To:** | Sirles, Gourdin W.; Moskowitz, Benjamin; 'Anupa Smit'; 'J. Higgins'; Mottley, Kimberly A.; 'M. Sharp'; 'Mechelle Gassaway'; 'Michelle Ovanesian    '; AmgenABP215; Gutman, Siegmund Y.; Bauer, Steven M. |
| **Cc:** | 'Joyce, Alexandra'; 'Ford,  Katie'; 'Adam Brausa'; 'Smyth, Benjamin'; Berl, David; 'Silver, Daniel'; 'Daralyn Durie'; 'Eneda Hoxha'; 'Eric Wiener'; Sidhu, Jonathan; Kayali, Kathryn; McCloud, Luke; 'Kelly, Michael P.'; Reynolds, Malcolm; Gaffney, Paul; 'Rick Rosser'; Gregory, Teagan; 'Hitchens, Mark' |
| **Subject:** | RE: Genentech v. Amgen, C.A. No. 17-1407-CFC |

Gourdin,

Thank you for confirming that Amgen will not be filing the motion for summary judgment identified in the schedule order.

Although the same exigencies no longer apply, we still wish to take discovery in this case and depose Amgen witnesses.  Given the breadth of this case, we cannot wait until the end of fact discovery to begin scheduling depositions.  Please provide a date in February when at least one of the deponents we have identified can be available for a deposition and later dates for the other deponents.  In the interim, we agree that the parties will not proceed on the noticed dates.

Regards,

Tom

----

**Thomas S. Fletcher**
Williams & Connolly LLP
725 Twelfth St. NW
Washington, DC 20005
(202) 434-5497

---

**From:** Sirles, Gourdin W. [mailto:gsirles@proskauer.com]
**Sent:** Friday, February 08, 2019 9:48 AM
**To:** Fletcher, Thomas <TFletcher@wc.com>; Moskowitz, Benjamin <BMoskowitz@wc.com>; 'Anupa Smit' <asmit@ycst.com>; 'J. Higgins' <jhiggins@ycst.com>; Mottley, Kimberly A. <kmottley@proskauer.com>; 'M. Sharp' <msharp@ycst.com>; 'Mechelle Gassaway' <mgassaway@ycst.com>; 'Michelle Ovanesian ' <movanesian@ycst.com>; AmgenABP215 <AmgenABP215@proskauer.com>; Gutman, Siegmund Y. <sgutman@proskauer.com>; Bauer, Steven M. <SBauer@proskauer.com>
**Cc:** 'Joyce, Alexandra' <ajoyce@mccarter.com>; 'Ford, Katie' <kford@mccarter.com>; 'Adam Brausa' <abrausa@durietangri.com>; 'Smyth, Benjamin' <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; 'Silver, Daniel' <DSilver@McCarter.com>; 'Daralyn Durie' <ddurie@durietangri.com>; 'Eneda Hoxha' <ehoxha@durietangri.com>; 'Eric Wiener' <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; 'Kelly, Michael P.' <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>;

Gaffney, Paul <PGaffney@wc.com>; 'Rick Rosser' <RRosser@durietangri.com>; Gregory, Teagan <TGregory@wc.com>; 'Hitchens, Mark' <mhitchens@McCarter.com>
**Subject:** RE: Genentech v. Amgen, C.A. No. 17-1407-CFC

Tom,

I write in response to your below email and to follow up on the telephone conversation between Sige Gutman and David Berl yesterday regarding the below-referenced depositions.  Given that Amgen does not intend to file the motion for summary judgment on damages reflected in the scheduling order, there is no urgency in conducting these depositions in February.  We have informed you several times now that the witnesses are not available on the dates noticed.  However, we are looking into this and will provide dates during fact discovery once we are able to obtain the witnesses' availability.  If you still believe these depositions need to occur imminently, on the dates noticed, please let me know so we can seek a protective order from the Court.

Regards,
Gourdin

---

**From:** Fletcher, Thomas <TFletcher@wc.com>
**Sent:** Friday, February 8, 2019 8:58 AM
**To:** Moskowitz, Benjamin <BMoskowitz@wc.com>; Sirles, Gourdin W. <gsirles@proskauer.com>; 'Anupa Smit' <asmit@ycst.com>; 'J. Higgins' <jhiggins@ycst.com>; Mottley, Kimberly A. <kmottley@proskauer.com>; 'M. Sharp' <msharp@ycst.com>; 'Mechelle Gassaway' <mgassaway@ycst.com>; 'Michelle Ovanesian ' <movanesian@ycst.com>; AmgenABP215 <AmgenABP215@proskauer.com>; Gutman, Siegmund Y. <sgutman@proskauer.com>; Bauer, Steven M. <SBauer@proskauer.com>
**Cc:** 'Joyce, Alexandra' <ajoyce@mccarter.com>; 'Ford, Katie' <kford@mccarter.com>; 'Adam Brausa' <abrausa@durietangri.com>; 'Smyth, Benjamin' <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; 'Silver, Daniel' <DSilver@McCarter.com>; 'Daralyn Durie' <ddurie@durietangri.com>; 'Eneda Hoxha' <ehoxha@durietangri.com>; 'Eric Wiener' <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; 'Kelly, Michael P.' <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>; Gaffney, Paul <PGaffney@wc.com>; 'Rick Rosser' <RRosser@durietangri.com>; Gregory, Teagan <TGregory@wc.com>; 'Hitchens, Mark' <mhitchens@McCarter.com>
**Subject:** RE: Genentech v. Amgen, C.A. No. 17-1407-CFC

Gourdin,

I write to follow up on our call of yesterday.  You suggested on the call that you would be speaking with Amgen that afternoon about dates for the depositions of Dr. Vunnum, Dr. Yant, and Ms. Stambaugh.  When are they available?  It has been two weeks.

Regards,

Tom

----
**Thomas S. Fletcher**
Williams & Connolly LLP
725 Twelfth St. NW
Washington, DC 20005
(202) 434-5497

**From:** Moskowitz, Benjamin
**Sent:** Monday, February 04, 2019 1:44 PM
**To:** 'Sirles, Gourdin W.' <gsirles@proskauer.com>; 'Anupa Smit' <asmit@ycst.com>; 'J. Higgins' <jhiggins@ycst.com>; 'Mottley, Kimberly A.' <kmottley@proskauer.com>; 'M. Sharp' <msharp@ycst.com>; 'Mechelle Gassaway' <mgassaway@ycst.com>; 'Michelle Ovanesian ' <movanesian@ycst.com>; 'AmgenABP215' <AmgenABP215@proskauer.com>; 'Gutman, Siegmund Y.' <sgutman@proskauer.com>; 'Bauer, Steven M.' <SBauer@proskauer.com>
**Cc:** 'Joyce, Alexandra' <ajoyce@mccarter.com>; 'Ford, Katie' <kford@mccarter.com>; 'Adam Brausa' <abrausa@durietangri.com>; 'Smyth, Benjamin' <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; 'Silver, Daniel' <DSilver@McCarter.com>; 'Daralyn Durie' <ddurie@durietangri.com>; 'Eneda Hoxha' <ehoxha@durietangri.com>; 'Eric Wiener' <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; 'Kelly, Michael P.' <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>; Gaffney, Paul <PGaffney@wc.com>; 'Rick Rosser' <RRosser@durietangri.com>; Fletcher, Thomas <TFletcher@wc.com>; Gregory, Teagan <TGregory@wc.com>; 'Hitchens, Mark' <mhitchens@McCarter.com>
**Subject:** RE: Genentech v. Amgen, C.A. No. 17-1407-CFC

Gourdin,

Can Amgen provide dates yet as to when Dr. Vunnum, Dr. Yant, and Ms. Stambaugh are available for depositions this month?

Thanks,

**Ben Moskowitz**
**Associate | Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5672 | (F) 202-434-5029
bmoskowitz@wc.com | www.wc.com

---

**From:** Moskowitz, Benjamin
**Sent:** Monday, January 28, 2019 5:43 PM
**To:** Sirles, Gourdin W. <gsirles@proskauer.com>; Anupa Smit <asmit@ycst.com>; J. Higgins <jhiggins@ycst.com>; Mottley, Kimberly A. <kmottley@proskauer.com>; M. Sharp <msharp@ycst.com>; Mechelle Gassaway <mgassaway@ycst.com>; Michelle Ovanesian <movanesian@ycst.com>; AmgenABP215 <AmgenABP215@proskauer.com>; Gutman, Siegmund Y. <sgutman@proskauer.com>; Bauer, Steven M. <SBauer@proskauer.com>
**Cc:** Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; Adam Brausa <abrausa@durietangri.com>; Smyth, Benjamin <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; Silver, Daniel <DSilver@McCarter.com>; Daralyn Durie <ddurie@durietangri.com>; Eneda Hoxha <ehoxha@durietangri.com>; Eric Wiener <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>; Gaffney, Paul <PGaffney@wc.com>; Rick Rosser <RRosser@durietangri.com>; Fletcher, Thomas <TFletcher@wc.com>; Gregory, Teagan <TGregory@wc.com>; Hitchens, Mark <mhitchens@McCarter.com>
**Subject:** RE: Genentech v. Amgen, C.A. No. 17-1407-CFC

Gourdin,

Thank you for your email. Genentech is open to a reasonable accommodation for these witnesses, but as I'm sure you understand, we are unwilling to adjourn the noticed dates until you have provided us with acceptable alternatives. Given the need to take this discovery prior to Amgen's March 8 summary judgment filing on the "safe harbor" issue, these depositions need to be taken prior to February 28.

Best,

**Ben Moskowitz**
**Associate | Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5672 | (F) 202-434-5029
bmoskowitz@wc.com | www.wc.com

---

**From:** Sirles, Gourdin W. [mailto:gsirles@proskauer.com]
**Sent:** Monday, January 28, 2019 4:22 PM
**To:** Moskowitz, Benjamin <BMoskowitz@wc.com>; Anupa Smit <asmit@ycst.com>; J. Higgins <jhiggins@ycst.com>; Mottley, Kimberly A. <kmottley@proskauer.com>; M. Sharp <msharp@ycst.com>; Mechelle Gassaway <mgassaway@ycst.com>; Michelle Ovanesian <movanesian@ycst.com>; AmgenABP215 <AmgenABP215@proskauer.com>; Gutman, Siegmund Y. <sgutman@proskauer.com>; Bauer, Steven M. <SBauer@proskauer.com>
**Cc:** Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; Adam Brausa <abrausa@durietangri.com>; Smyth, Benjamin <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; Silver, Daniel <DSilver@McCarter.com>; Daralyn Durie <ddurie@durietangri.com>; Eneda Hoxha <ehoxha@durietangri.com>; Eric Wiener <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>; Gaffney, Paul <PGaffney@wc.com>; Rick Rosser <RRosser@durietangri.com>; Fletcher, Thomas <TFletcher@wc.com>; Gregory, Teagan <TGregory@wc.com>; Hitchens, Mark <mhitchens@McCarter.com>
**Subject:** RE: Genentech v. Amgen, C.A. No. 17-1407-CFC

Ben,

Dr. Vunnum, Dr. Yant, and Ms. Stambaugh are not available on the dates noticed.  However, we are looking into their availability on other dates and will provide options as soon as we can.

Regards,
Gourdin

---

**From:** Moskowitz, Benjamin <BMoskowitz@wc.com>
**Sent:** Monday, January 28, 2019 2:52 PM
**To:** Anupa Smit <asmit@ycst.com>; Sirles, Gourdin W. <gsirles@proskauer.com>; J. Higgins <jhiggins@ycst.com>; Mottley, Kimberly A. <kmottley@proskauer.com>; M. Sharp <msharp@ycst.com>; Mechelle Gassaway <mgassaway@ycst.com>; Michelle Ovanesian <movanesian@ycst.com>; AmgenABP215 <AmgenABP215@proskauer.com>; Gutman, Siegmund Y. <sgutman@proskauer.com>; Bauer, Steven M. <SBauer@proskauer.com>
**Cc:** Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; Adam Brausa <abrausa@durietangri.com>; Smyth, Benjamin <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; Silver, Daniel <DSilver@McCarter.com>; Daralyn Durie <ddurie@durietangri.com>; Eneda Hoxha <ehoxha@durietangri.com>; Eric Wiener <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>; Gaffney, Paul <PGaffney@wc.com>; Rick Rosser <RRosser@durietangri.com>; Fletcher, Thomas <TFletcher@wc.com>; Gregory, Teagan <TGregory@wc.com>; Hitchens, Mark <mhitchens@McCarter.com>
**Subject:** RE: Genentech v. Amgen, C.A. No. 17-1407-CFC

Dear Counsel,

I write to follow up on the dates and locations for the depositions of Dr. Vunnum, Dr. Yant, and Ms. Stambaugh.  Please confirm that we are proceeding at the noticed dates and locations or provide us with alternative dates in February.

**Ben Moskowitz**
**Associate | Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5672 | (F) 202-434-5029
bmoskowitz@wc.com | www.wc.com

---

**From:** Hitchens, Mark [mailto:mhitchens@McCarter.com]
**Sent:** Tuesday, January 22, 2019 6:07 PM
**To:** Anupa Smit <asmit@ycst.com>; Gourdin Sirles <gsirles@proskauer.com>; J. Higgins <jhiggins@ycst.com>; Kimberly Mottley <kmottley@proskauer.com>; M. Sharp <msharp@ycst.com>; Mechelle Gassaway <mgassaway@ycst.com>; Michelle Ovanesian <movanesian@ycst.com>; Proskauer Email <AmgenABP215@proskauer.com>; S. Gutman <sgutman@proskauer.com>; Steven Bauer <sbauer@proskauer.com>
**Cc:** Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; Adam Brausa <abrausa@durietangri.com>; Smyth, Benjamin <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; Silver, Daniel <DSilver@McCarter.com>; Daralyn Durie <ddurie@durietangri.com>; Eneda Hoxha <ehoxha@durietangri.com>; Eric Wiener <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>; Moskowitz, Benjamin <BMoskowitz@wc.com>; Gaffney, Paul <PGaffney@wc.com>; Rick Rosser <RRosser@durietangri.com>; Fletcher, Thomas <TFletcher@wc.com>; Gregory, Teagan <TGregory@wc.com>
**Subject:** Genentech v. Amgen, C.A. No. 17-1407-CFC

Counsel,

Attached please find the following documents as filed today in the above captioned case:

## U.S. District Court

## District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Silver, Daniel on 1/22/2019 at 5:52 PM EST and filed on 1/22/2019

| | |
|---|---|
| **Case Name:** | Genentech, Inc. et al v. Amgen Inc. |
| **Case Number:** | 1:17-cv-01407-CFC |
| **Filer:** | City of Hope |
| | Genentech, Inc. |
| **Document Number:** | 253 |

## Docket Text:
**NOTICE to Take Deposition of Venkata "Suresh" Vunnum on February 13, 2019 at 9:00 am at Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 filed by City of Hope, Genentech, Inc..(Silver, Daniel)**

## Notice of Electronic Filing

The following transaction was entered by Silver, Daniel on 1/22/2019 at 5:54 PM EST and filed on 1/22/2019

| | |
|---|---|
| **Case Name:** | Genentech, Inc. et al v. Amgen Inc. |
| **Case Number:** | 1:17-cv-01407-CFC |
| **Filer:** | City of Hope |
| | Genentech, Inc. |
| **Document Number:** | 254 |

**Docket Text:**
**NOTICE to Take Deposition of Angela Stambaugh on February 15, 2019 at 9:00 am at Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 filed by City of Hope, Genentech, Inc..(Silver, Daniel)**

## Notice of Electronic Filing

The following transaction was entered by Silver, Daniel on 1/22/2019 at 5:56 PM EST and filed on 1/22/2019

| | |
|---|---|
| **Case Name:** | Genentech, Inc. et al v. Amgen Inc. |
| **Case Number:** | 1:17-cv-01407-CFC |
| **Filer:** | City of Hope |
| | Genentech, Inc. |
| **Document Number:** | 255 |

**Docket Text:**
**NOTICE to Take Deposition of Jeffrey Yant on February 18, 2019 at 9:00 am at Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 filed by City of Hope, Genentech, Inc..(Silver, Daniel)**

Thanks,

Mark



**Mark Hitchens | Paralegal**
McCARTER & ENGLISH, LLP

Renaissance Centre, 405 N. King Street, 8th Floor | Wilmington, Delaware 19801
T: 302-984-6307
mhitchens@mccarter.com | www.mccarter.com

BOSTON | HARTFORD | STAMFORD | NEW YORK | NEWARK
EAST BRUNSWICK | PHILADELPHIA | WILMINGTON | WASHINGTON, DC

**Think Green! Please consider the impact on the environment before printing this e-mail.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

*********************************************************************************************************
*************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************************************
*************************************************************

# EXHIBIT E

**McCloud, Luke**

| | |
|---|---|
| **From:** | Fletcher, Thomas |
| **Sent:** | Monday, February 25, 2019 4:50 PM |
| **To:** | Ford,  Katie; Amir Naini; Anupa Smit; David Hanna; Gourdin Sirles; 'J. Higgins'; Kimberly Mottley; 'M. Sharp'; Mechelle Gassaway; Michelle Ovanesian    ; Proskauer Email; 'S. Gutman'; Steven Bauer |
| **Cc:** | Adam Brausa; Smyth, Benjamin; Berl, David; Silver, Daniel; Daralyn Durie; Eneda Hoxha; Eric Wiener; Sidhu, Jonathan; Joyce, Alexandra; Kayali, Kathryn; McCloud, Luke; Kelly, Michael P.; Reynolds, Malcolm; Moskowitz, Benjamin; Gaffney, Paul; Rick Rosser; Dang, Sumeet; Gregory, Teagan |
| **Subject:** | RE: Genentech v. Amgen (Avastin), C.A. No. 17-1407-GMS |

Counsel,

In connection with these depositions, please advise whether you are authorized to accept service on behalf of these witnesses of subpoenas for these depositions.  If we do not hear from you on this point by close of business tomorrow, we will begin making efforts to serve deposition subpoenas on the witnesses personally.

We remain amenable to scheduling these depositions at alternative dates and locations, as explained in my email of February 11 asking you to propose such alternative dates and locations.  Having received no response to that email over the past two weeks, we have served the new deposition notices attached to the email below.

Regards,

Tom

----
**Thomas S. Fletcher**
Williams & Connolly LLP
725 Twelfth St. NW
Washington, DC 20005
(202) 434-5497

**From:** Ford, Katie [mailto:kford@mccarter.com]
**Sent:** Monday, February 25, 2019 4:44 PM
**To:** Amir Naini <anaini@proskauer.com>; Anupa Smit <asmit@ycst.com>; David Hanna <dhanna@proskauer.com>; Gourdin Sirles <gsirles@proskauer.com>; 'J. Higgins' <jhiggins@ycst.com>; Kimberly Mottley <kmottley@proskauer.com>; 'M. Sharp' <msharp@ycst.com>; Mechelle Gassaway <mgassaway@ycst.com>; Michelle Ovanesian <movanesian@ycst.com>; Proskauer Email <AmgenABP215@proskauer.com>; 'S. Gutman' <sgutman@proskauer.com>; Steven Bauer <sbauer@proskauer.com>
**Cc:** Adam Brausa <abrausa@durietangri.com>; Smyth, Benjamin <bsmyth@McCarter.com>; Berl, David <DBerl@wc.com>; Silver, Daniel <DSilver@McCarter.com>; Daralyn Durie <ddurie@durietangri.com>; Eneda Hoxha <ehoxha@durietangri.com>; Eric Wiener <ewiener@durietangri.com>; Sidhu, Jonathan <JSidhu@wc.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Kayali, Kathryn <KKayali@wc.com>; McCloud, Luke <LMcCloud@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Reynolds, Malcolm <MReynolds@wc.com>; Moskowitz, Benjamin

<BMoskowitz@wc.com>; Gaffney, Paul <PGaffney@wc.com>; Rick Rosser <RRosser@durietangri.com>; Dang, Sumeet <sdang@wc.com>; Fletcher, Thomas <TFletcher@wc.com>; Gregory, Teagan <TGregory@wc.com>
**Subject:** Genentech v. Amgen (Avastin), C.A. No. 17-1407-GMS

Counsel,

Attached please find the following documents as filed today.

### Notice of Electronic Filing

The following transaction was entered by Silver, Daniel on 2/25/2019 at 4:37 PM EST and filed on 2/25/2019
| | |
|---|---|
| **Case Name:** | Genentech, Inc. et al v. Amgen Inc. |
| **Case Number:** | 1:17-cv-01407-CFC |
| **Filer:** | City of Hope |
| | Genentech, Inc. |
| **Document Number:** | 264 |

### Docket Text:
**NOTICE to Take Deposition of Angela Stambaugh on March 7, 2019 filed by City of Hope, Genentech, Inc..(Silver, Daniel)**

### Notice of Electronic Filing

The following transaction was entered by Silver, Daniel on 2/25/2019 at 4:38 PM EST and filed on 2/25/2019
| | |
|---|---|
| **Case Name:** | Genentech, Inc. et al v. Amgen Inc. |
| **Case Number:** | 1:17-cv-01407-CFC |
| **Filer:** | City of Hope |
| | Genentech, Inc. |
| **Document Number:** | 265 |

### Docket Text:
**NOTICE to Take Deposition of Jeffrey Yant on March 6, 2019 filed by City of Hope, Genentech, Inc..(Silver, Daniel)**

### Notice of Electronic Filing

The following transaction was entered by Silver, Daniel on 2/25/2019 at 4:40 PM EST and filed on 2/25/2019
| | |
|---|---|
| **Case Name:** | Genentech, Inc. et al v. Amgen Inc. |
| **Case Number:** | 1:17-cv-01407-CFC |
| **Filer:** | City of Hope |
| | Genentech, Inc. |
| **Document Number:** | 266 |

### Docket Text:
**NOTICE to Take Deposition of Venkata Vunnum on March 8, 2019 filed by City of Hope, Genentech, Inc..(Silver, Daniel)**

Thank you,
Katie



**Katie Ford | Paralegal**
McCARTER & ENGLISH, LLP

Renaissance Centre, 405 N. King Street, 8th Floor | Wilmington, Delaware 19801
T: 302-984-6332
kford@mccarter.com | www.mccarter.com

BOSTON | HARTFORD | STAMFORD | NEW YORK | NEWARK
EAST BRUNSWICK | PHILADELPHIA | WILMINGTON | WASHINGTON, DC

**Think Green! Please consider the impact on the environment before printing this e-mail.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on March 11, 2019 on the following counsel in the manner indicated:

<u>VIA EMAIL:</u>

Melanie K. Sharp
James L. Higgins
Michelle M. Ovanesian
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
movanesian@ycst.com

Steven M. Bauer
Kimberly A. Mottley
Gourdin W. Sirles
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
(617) 526-9600
sbauer@proskauer.com
kmottley@proskauer.com
gsirles@proskauer.com

Siegmund Y. Gutman
Amir A. Naini
David M. Hanna
PROSKAUER ROSE LLP
2029 Century Park East
Los Angeles, CA  90067-3206
(310) 557-2900
sgutman@proskauer.com
anaini@proskauer.com
dhanna@proskauer.com

Attorneys for Defendant

Dated: March 11, 2019                    /s/ Daniel M. Silver
                                                  Daniel M. Silver (#4758)