Daniel M. Silver
Partner
405 N. King Street, 8th Floor
Wilmington, DE 19801
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com



PUBLIC VERSION FILED:
MARCH 22, 2019

March 15, 2019

**VIA CM/ECF & HAND DELIVERY**

The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
Wilmington, DE 19801-3555

Re: *Genentech, Inc. v. Amgen Inc.*, **C.A. No. 17-1407-CFC (D. Del.) (consolidated)**

Dear Judge Connolly:

    This letter responds to the Court's Order of March 13 (D.I. 300).

    Amgen's ▇▇▇ accused of infringement in the new complaint concerns the manufacture of Mvasi ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[1] Plaintiffs believe the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ under 42 U.S.C. § 262(*l*); that it infringes pursuant to 35 U.S.C. § 271(e); and that the BPCIA for multiple reasons requires that claim to be brought in a new complaint.

    Because the Protective Order permits a party's "confidential" information to be used only for new lawsuits that "aris[e] from Defendants' filing of Biologics License Application No. 761028," *i.e.*, the aBLA Amgen filed for approval of Mvasi manufactured in Thousand Oaks, Paragraph 28 should be amended as Plaintiffs have proposed.

    Amgen seems to dispute that its ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for purposes of 42 U.S.C. § 262(*l*). At the same time, however, Amgen contends that filing the new complaint based on it would be a misuse of information Amgen produced in discovery it designated "confidential."

    Amgen's position is puzzling. If the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for purposes of the BPCIA, there is no reasonable objection under the Protective Order to filing suit over it. Regardless, Genentech in January provided Amgen a draft of the new complaint and sought Amgen's consent to amend Paragraph 28 to allow its filing. The new complaint asserts claims under § 271(a), (e), and (g) over ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

The Honorable Colm F. Connolly
March 15, 2019
Page 2

███████████████████████████████████████████████
███████. Amgen declined.

The complaint also includes claims under § 271(a) and (g) arising from the infringing manufacture ████████████████ of a different product.  Discovery strongly suggests Amgen uses ████████████████████████████
████████   As explained in Plaintiffs' letter brief, courts routinely amend protective orders to allow plaintiffs to pursue claims revealed in discovery.  D.I. 291 at 2; *see also* 8A Fed. Prac. & Proc. Civ. § 2044.1 (3d ed.) (discussing "long line of cases recognizing the propriety of access to the fruits of one litigation to facilitate the preparation of other cases").

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc:  All counsel of record (via CM/ECF)

## WORD COUNT CERTIFICATION

I hereby certify that the substantive text of the foregoing letter contains 387 words, as counted by the Word Count feature of Microsoft Word.

/s/ Daniel M. Silver
Daniel M. Silver (# 4758)

ME1 29883053v.1