IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENENTECH, INC. and CITY OF HOPE | ) |
| | ) C. A. No.: 17-1407-CFC |
| Plaintiffs, | ) CONSOLIDATED |
| | ) |
| v. | ) |
| | ) |
| AMGEN INC. | ) |
| | ) |
| Defendant. | ) |

~~[PROPOSED]~~ ORDER

AND NOW, this __20th__ day of __June__, 2019, having considered Genentech's discovery dispute letter and Amgen's response thereto, and having held a discovery conference on June 18, 2019 regarding the same;

IT IS HEREBY ORDERED that:

**I.    The Scope of Amgen's Privilege Waiver**

Amgen's production of its opinion letters concerning U.S. Patent Nos. 8,574,869 (Kao), 8,512,983 (Gawlitzek), 9,441,035 (Carvalhal), and 9,795,672 (Fyfe) has effected a subject matter waiver of Amgen's attorney-client privilege concerning infringement and validity of those patents. The waiver extends to communications pre-dating the opinion letters and extends to Amgen's in-house counsel. The waiver does not extend to Amgen's outside trial counsel. ~~To the extent that Amgen's trial counsel communicated, directly or indirectly, concerning infringement or validity of Kao, Gawlitzek, Carvalhal, or Fyfe with Mr. Foraker or other Amgen employees involved in Amgen's decisions whether to make, use, sell, offer to sell, or import Mvasi or bevacizumab, the waiver also extends to such communications.~~

Accordingly, Amgen shall produce ~~within seven days:~~ on a rolling basis and no later than July 2, 2019:

1

- Document Nos. 65, 68, 96, 121, 134, 137, 141, 149, 161-68, 171, 179, 189, 192, 195, 227, 285-87, 290-91, 294-97, and 299 from its privilege logs;
- All communications involving Scott Foraker regarding the validity and/or infringement of Kao, Gawlitzek, Carvalhal, or Fyfe, including any communications involving Proskauer Rose LLP (see Genentech's RFP No. 151);
- Any analysis of infringement of Kao, Gawlitzek, Carvalhal, or Fyfe in connection with MVASI performed by Amgen's in-house counsel or communicated to Amgen's in-house counsel (see Genentech's RFP No. 153);
- Any analysis of validity of Kao, Gawlitzek, Carvalhal, or Fyfe performed by Amgen's in-house counsel or communicated to Amgen's in-house counsel (see Genentech's RFP No. 154);
- A copy of any notes, correspondence, annotated Opinion Letters, calendar entries or other materials concerning the validity or infringement of Kao, Gawlitzek, Carvalhal, or Fyfe or concerning the Opinion Letters (see Genentech RFP No. 156); and
- ~~Because Amgen has not logged communications between Amgen and trial counsel concerning validity and/or infringement of Kao, Gawlitzek, Carvalhal, or Fyfe, it also shall produce such communications.~~

Amgen also shall reproduce unredacted privilege log entries 319, 321, 323, and 336. Amgen shall review the other documents it has clawed back and apply the scope of waiver articulated above in analyzing whether such documents must be reproduced. To the extent an Amgen witness implicated by such documents has already been deposed, Amgen shall make him

ME1 30664047v.1

or her available for a second deposition (limited to no more than three hours on the record). ~~Amgen shall pay Genentech's costs and attorney's fees in connection with such depositions.~~

As agreed by the parties prior to the discovery hearing, Amgen shall provide responses to Interrogatory Nos. 18 and 19 and produce documents responsive to Genentech's Request Nos. 145-150, 152, 155, and 157, where the Patents-in-Suit are defined to be the Kao, Gawlitzek, Carvalhal, and Fyfe patents. It shall provide these responses and documents ~~within seven days~~ on a rolling basis and complete its production by July 2, 2019.

~~II. Amgen's Request for Second Depositions of Various Inventors~~

~~In view of the discovery already provided to Amgen and Amgen's conduct in refusing to coordinate the depositions of Yung-Hsian Kao, Melody Trexler Schmidt, Michael Laird, Martin Gawlitzek, and Christina Bevilacqua, the motion for protective order concerning their depositions is GRANTED. Amgen shall not attempt to enforce the subpoenas that it served seeking their deposition testimony in this action.~~

### III. Amgen's Refusal to Answer Interrogatory No. 15

Genentech's motion to compel Amgen to respond to Interrogatory No. 15 is GRANTED to the extent it requests for PPQ runs dates on or after January 1, 2012.

Amgen shall respond to Interrogatory No. 15 by providing a list of the dates on which the PPQ Runs Tool has been queried; the suggested numerical range of Drug Substance PPQ runs that the PPQ Runs Tool listed as its output each time it was queried; the number of Drug Substance PPQ runs that Amgen performed for each substance; the dates on which those Drug Substance PPQ runs were performed; and for every entry in which the number of Drug Substance PPQ runs that Amgen performed did not fall within the suggested range produced by the PPQ Runs Tool, explain why Amgen chose to perform a different number of runs than the range produced from the PPQ Runs Tool.

Amgen shall provide this response ~~within seven days~~ by July 2, 2019.

3

SO ORDERED this 20 day of June, 2019.

_____
The Honorable Colm F. Connolly
United States District Judge

4