IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENENTECH, INC. and CITY OF HOPE, *Plaintiffs,* v. AMGEN INC., *Defendant.* | Civ. No. 17-1407- CFC |
| GENENTECH, INC. and CITY OF HOPE, *Plaintiffs,* v. AMGEN INC., *Defendant.* | Civ. No. 18-924-CFC |

## MEMORANDUM ORDER

Currently pending before the Court are Amgen's identical motions for reargument. C.A. 17-1407 at D.I. 423; C.A. 18-924 at D.I. 266.

1. **Background.** Genentech has asserted claims of willful patent infringement based on Amgen's biosimilar drug products for Avastin and

Herceptin.[1] Amgen has responded with an advice-of-counsel defense. The assertion of that defense, with some exceptions, waives attorney-client privilege over all communications "relating to the same subject matter."[2] *See In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006) (quoting *Fort James Corp. v. Solo Cup Co.*, 412 F3d 1340, 1349 (Fed. Cir. 2005)).

2. Based on Amgen's advice-of-counsel defense, Genentech moved, on June 13, 2019, to compel discovery of privileged communications that pre-date March 2019 and/or involve in-house counsel. C.A. 17-1407 at D.I. 395; C.A 18-924 at D.I. 254. On June 18, 2019, I held a discovery conference and, on June 20, 2019, entered an order granting Genentech's motions to compel for the reasons stated at the discovery conference, except I denied the motions to the extent they sought communications with "outside trial counsel." C.A. 17-1407 at D.I. 407; C.A. 18-924 at D.I. 259. I also ordered Amgen to produce the relevant documents (hereinafter, the "Privileged Documents") no later than July 2, 2019. C.A. 17-1407 at D.I. 407; C.A. 18-924 at D.I. 259.

3. Amgen has not yet produced the Privileged Documents. Instead, on June 28, 2019, Amgen filed a motion for reargument pursuant to D. Del. LR 7.1.5. C.A.

---

[1] The biosimilar for Avastin is at issue in C.A. 17-1407, and the biosimilar for Herceptin is at issue in C.A. 18-924.

[2] One recognized exception is communications with trial counsel. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1373 (Fed. Cir. 2007).

2

17-1407 at D.I. 423; C.A. 18-924 at D.I. 266.

4. **Standard.** A motion for reargument is the "functional equivalent" of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

5. **Discussion.** Amgen argues that reargument is necessary to prevent manifest injustice, because I erred in applying the law to the facts of this case. D.I. 423 at 3. The errors Amgen raises generally repeat the same points Amgen advocated at the discovery conference. Since I already fully considered and addressed these arguments, they do not provide grounds to grant Amgen's motions. *See Butamax Advanced Biofuels LLC v. Gevo Inc.*, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015) (stating that a motion for reargument is "not properly grounded on a request that a court rethink a decision already made").

6. At the time the motions for reargument were filed, I recognized that I may have improvidently issued my rulings, because willfulness would not be an issue unless and until Amgen launched a biosimilar drug product. But before I

3

could issue an order granting Amgen's motion, Amgen launched both of its biosimilar drug products. Based on this change in circumstances, I find no basis to grant Amgen's motions.

7. On August 20, 2019, Amgen represented to the Court that, if the Court were to deny Amgen's motions for reargument, Amgen would be prepared to produce the Privileged Documents "within a few days." C.A. 17-1407, D.I. 481-1 at 3.

NOW THEREFORE, it is hereby ORDERED that:

1. Amgen's Motions for Reargument (C.A. 17-1407 at D.I. 423; C.A. 18-924 at D.I. 266) are **DENIED**;

2. Amgen shall produce the Privileged Documents no later than September 4, 2019.

Dated: August 28, 2019

_____
UNITED STATES DISTRICT JUDGE